HIRAM EXSTEIN, Respondent, v. EVOLIN B. ROBERTSON, Appellant.

*N. Y. Supreme Court, Fifth Department, General Term, April 12, 1889.*

1. *Discontinuance of action.*—The right to discontinue an action upon the payment of costs, in the absence of any affirmative relief sought by a defendant against the plaintiff, is unquestionable.
2. *Terms.*—An order allowing a plaintiff to discontinue an action upon payment of one bill of costs where he, on account of the existence of facts disclosed sometime after the action was begun, finds himself unable to proceed, rests in the sound discretion of the court, and will not be disturbed on appeal.

Appeal from an order permitting the plaintiff to discontinue the action upon payment of one bill of costs.

*E. M. Sanger*, for respondents.

*A. C. Picard*, for appellants.

MACOMBER, J.—The action against the defendants, who were quite numerous, was begun in the Chautauqua county court in the year 1882. Fifteen of the defendants, appeared and answered by one attorney, and other attorneys appeared

ed for different defendants, and also answered. The defenses were identical in all instances.

In the year 1883, a motion was made in behalf of the plaintiffs for leave to amend the summons and complaint by adding the names of Ansel A. Stoddard and Addison E. Hollenbeck as parties defendant, and for leave to discontinue the action against Abby E. Hollenbeck, which was granted.

In the month of September, 1884, a motion was made in the county court for leave to discontinue the action upon the ground that the persons who were brought in as defendants, in place of others improperly made defendants, lived outside of the county of Chautauqua, and hence the action could not proceed against all the defendants in that court. When the action was begun, all of the defendants actually resided in Chautauqua county.

The right to discontinue an action upon the payment of costs, in the absence of any affirmative relief sought by a defendant against a plaintiff, is unquestionable. The terms upon which the motion was granted in this instance, rested in the sound discretion of the county court, which we think was properly exercised by the learned judge, and consequently the order appealed from should be affirmed.

The case of Delaware, Lackawanna and Western Railroad *v.* Burkard, 40 Hun, 625, has no application because there had been no exercise by the special term of its discretion, by permitting a judgment for only one bill of costs. In that case the question arose specifically upon an appeal from an order affirming the taxation of costs by the clerk, and the court held that *prima facie*, and in the absence of the determination of the special term that only one bill of costs should be allowed, each party defendant succeeding at the trial was entitled to a separate bill of costs.

In the action at bar, there had been no trial, but on account of the existence of facts disclosed some time after the action was begun and after the new parties were nec-

essarily brought in, the plaintiffs found themselves unable to proceed, and were properly granted the relief sought.

The order appealed from should be affirmed, with costs and disbursements.

All concur.